James Paul PACE, Petitioner–
Appellant,

v.

Janie COCKRELL, Director, Texas De-
partment of Criminal Justice, Institu-
tional Division, Respondent–Appellee.

No. 03–50004

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 18, 2003.

James Paul Pace, pro se, Iowa Park, TX,
for Petitioner–Appellant.

Bret L. Fulkerson, Office of the Attor-
ney General for the State of Texas, Austin,
TX, for Respondent–Appellee.

Before BARKSDALE, EMILIO M.
GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

James Paul Pace, Texas prisoner
# 790645, appeals the district court's deni-
al of his 28 U.S.C. § 2254 petition chal-
lenging his convictions for aggravated sex-
ual assault. He argues that the appellate
court's actions in holding the appeal in
abeyance and remanding the case to the
trial court for findings of fact and conclu-
sions of law in support of the trial court's
denial of Pace's motion to suppress violat-
ed the Confrontation Clause. The trial
court was required to make such factual
findings under state procedural law. See

TEX.CRIM. PROC. CODE. ANN. art 38.22 § 6;
cf. Sims v. Georgia, 385 U.S. 538, 544, 87
S.Ct. 639, 17 L.Ed.2d 593 (1967). The trial
court held an evidentiary hearing on the
motion to suppress, during which Pace was
allowed to cross-examine the witnesses
against him, and the court relied on that
hearing in formulating its factual findings.
Pace has not shown that his rights under
the Confrontation Clause were violated by
the state's remedial procedure. See Dela-
ware v. Fensterer, 474 U.S. 15, 20, 106
S.Ct. 292, 88 L.Ed.2d 15 (1985). The judg-
ment of the district court denying Pace
relief on his 28 U.S.C. § 2254 petition is
AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.